FORM JAD-013
11/13

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 18-24582-JAD |
| ANDREW D RYAN dba Rocketfizz, dba AAE Worldwide, LLC and QUINN NICOLE RYAN | : | Chapter 7 |
| *Debtor* | : | |
| Natalie Lutz Cardiello, Trustee | : | Related to Doc. #47 |
| Movant | : | |
| v. | : | |
| United States of America, Internal Revenue Service; United States of America, Department of Labor and Industry; Commonwealth of Pennsylvania, Department of Revenue; Commonwealth of Pennsylvania, Department of Labor and Industry; County of Allegheny; Jordan Tax Service; Crescent Township; Mars Area School District; Weiss, Burkhardt and Kramer; Quicken Loans, Inc.; and Montour Place, LLC | : | |
| Respondents | : | |

### ORDER CONFIRMING SALE OF PROPERTY
### FREE AND DIVESTED OF LIENS

This **3rd** day of **March**, 20**20** on consideration of the Trustee's *Motion for Sale of Property Free and Divested of Liens* to **Ryan T. Welsh and Courtney DeAngeli** for **$242,500 with a sellers assist of $1700**, after hearing held in Courtroom D, this date. Regarding said Motion the Court finds:

(1) That service of the Notice of Hearing and Order setting hearing on said Motion for private sale of real property free and divested of liens of the above named Respondents, was effected on the following secured creditors whose liens are recited in said Motion for sale, viz:

| DATE OF SERVICE<br>*(Date of each service)* | NAME OF LIENOR AND<br>*(Name and address of each)* |
|---|---|
| February 7, 2020 | Internal Revenue Service<br>POB 7346<br>Philadelphia, PA 19101-7346 |
| February 7, 2020 | The Attorney General of the United States<br>Civil Division, Bankruptcy Section<br>US Department of Justice<br>Washington, D.C. 20530-0001 |
| February 7, 2020 | United States Attorney's Office<br>Western District of Pennsylvania<br>Joseph F. Weis, Jr. United States Courthouse<br>700 Grant Street<br>Suite 4000<br>Pittsburgh, PA 15219 |
| February 7, 2020 | Office of the United States Trustee<br>Liberty Center, Suite 970<br>1001 Liberty Avenue<br>Pittsburgh, PA 15222-3714 |
| February 7, 2020 | Pennsylvania Department of Revenue<br>Department 280946<br>Attn: Bankruptcy Division<br>Harrisburg, PA 17128-0946 |
| February 7, 2020 | Christos A. Katsaounis, Esquire<br>Office of Chief Counsel<br>Commonwealth of Pennsylvania<br>Department of Revenue<br>Department 28106<br>Harrisburg, PA 17128-0001 |
| February 7, 2020 | John Weinstein, Allegheny County Treasurer<br>Room 109 Courthouse<br>436 Grant Street<br>Pittsburgh, PA 15219 |
| February 7, 2020 | Jordan Tax Service<br>102 Rahway Road<br>McMurray, PA 15317 |
| February 7, 2020 | Crescent Township/Moon Area School District<br>Judy Withee, Tax Collector<br>500 Crescent Blvd Ext<br>Crescent, PA 15046 |

| | |
|---|---|
| February 7, 2020 | Weiss, Burkhardt and Kramer<br>445 Fort Pitt Blvd, Suite 503<br>Pittsburgh, PA 15219 |
| February 7, 2020 | Quicken Loans, Inc.<br>c/o Bob Walters, COO<br>1050 Woodward Avenue<br>Detroit, MI 48226 |
| February 7, 2020 | Montour Place, LLC<br>435 Donner Avenue<br>Monessen, PA 15062 |
| February 7, 2020 | Weston P. Pessillo, Esquire<br>McGrail & Associates, LLC<br>Counsel for Montour Place, LLC<br>1714 Lincoln Way<br>White Oak, PA 15131 |
| February 7, 2020 | Ryan T. Welsh and Courtney DeAngeli<br>101 Bradford Avenue<br>Pittsburgh, PA 15205 |
| February 7, 2020 | CSU-OUCTS, PA Labor & Industry<br>Office of Unemployment Compensation<br>651 Boas Street, Room 702<br>Harrisburg, PA 17121 |
| February 7, 2020 | Commonwealth of PA<br>Dept. of Labor & Industry<br>Office of Chief Counsel<br>914 Penn Avenue, 6th Floor<br>Pittsburgh, PA 15222 |
| February 7, 2020 | Bureau of Compliance<br>Pennsylvania Department of<br>Labor and Industry<br>301 Fifth Avenue, Suite 330<br>Pittsburgh, PA 15222 |

(2) That sufficient general notice of said hearing and sale, together with the confirmation hearing thereon, was given to the creditors and parties in interest by the Movant as shown by the certificate of service duly filed and that the named parties were duly served with the Complaint/Motion.

(3) That sale hearing was duly advertised on the Court's website pursuant to W.PA.LBR 6004-1(c) on February 6, 2020, in the Pittsburgh Legal Journal on February 18, 2020 and in the Pittsburgh Post-Gazette on February 13, 2020 as shown by the Proof of Publications duly filed.

(4) That at the sale hearing no higher offers were received and no objections to the sale were made which would result in cancellation of said sale.

(5) That the price of $242,500 with a sellers assist of $1,700 offered by Ryan T. Welsh and Courtney DeAngeli is a full and fair price for the property in question.

(6) That the purchaser is acting in good faith with respect to the within sale in accordance with *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986).

**IT IS ORDERED, ADJUDGED AND DECREED** that the private sale by *Special Warranty* deed of the real property described in the Motion as **1644 Aster Ln, Crescent, PA 15046** is hereby confirmed to **Ryan T. Welsh and Courtney DeAngeli** or his, her, their or its designee for **$242,500 with a sellers assist of $1,700**, free and divested of all liens; and, that the Trustee shall make, execute and deliver to the purchaser above named the necessary deed and/or other documents required to transfer title to the property purchased upon compliance with the terms of sale.

The property is sold "AS IS", "WHERE IS" without representations or warranties of any kind whatsoever, and the participation of the purchaser in the sale process shall constitute an agreement and representation that the purchaser has inspected the property, and is purchasing the same solely on the basis of such inspections, and not as the result of any representation of any kind whatsoever by the Estate/debtor, or its/his/her agents, except as otherwise set forth herein.

The purchaser is deemed to have released any and all claims he/she/they may have against the Trustee/Estate, or any of them, or that he/she/they may hereafter acquire against them, or either of them, known and/or unknown, under federal and/or state law, for any environmental liability or claim, including but not limited to "CERCLA" or any similar statutes arising out of conditions in, on, or about the property so purchased.

**IT IS FURTHER ORDERED** that the liens, claims and interests of all Respondents, including but not limited to Quicken Loans, Inc. and Montour Place, LLC, be, and they hereby are divested from the property being sold, if and to the extent they may be determined to be valid liens against the sold property, and transferred to the proceeds of sale, and that the within decreed sale shall be free, clear and divested of said liens, claims and interests;

**FURTHER ORDERED** that after due notice to the claimants, lien creditors, and interest holders, and no objection on their parts having been made or, if made, resolved/overruled, the incidental and related costs of sale and of the within bankruptcy proceeding, shall be paid in advance of any distribution to said lien creditors.

**FURTHER ORDERED** that Quicken Loans, Inc. will be paid in full at closing.

**FURTHER ORDERED** that Montour Place, LCC has agreed to provide a carve out for the estate in the amount of $15,000 for the Trustee's efforts in liquidating the property. Montour Place, LLC will be paid up to $24,584.66 in connection with its judgment lien as set forth in the Trustee's motion. The carve out shall be used to:

(a) pay the costs of sale, specifically including but not limited to advertising, printing, mailing and notice fees; and

(b) pay the Trustee's fees and Trustee's counsel fees (which fees shall be reserved for but not paid out until such fees are approved by the Court for payment after motion duly filed seeking such approval and authorization for payment).

All remaining funds shall be held by the Trustee pending further Order of Court.

**FURTHER ORDERED** that applicable real estate taxes and ordinary closing costs, municipal lien claims, and real estate commissions shall immediately be paid at closing. Failure of the closing agent to timely make disbursement required by this Order will subject the closing agent to monetary sanctions after notice and hearing.

**FURTHER ORDERED** that the Movant shall serve a copy of the within Order on each Respondent (i.e., each party against whom relief is sought) and its attorney of record, if any, upon any attorney or party who answered the motion or appeared at the hearing, the attorney for the debtor, the purchaser, and the attorney for the purchaser, if any, and file a certificate of service.

**FURTHER ORDERED** that closing shall occur within thirty (30) days of this Order and the Movant shall file a report of sale within seven (7) days following closing. In the event of the failure of the purchaser to remit payment in full within the required time frame, (or such extensions, not to exceed 30 days as the Trustee, in her sole and exclusive discretion, may accord to the purchaser) the Trustee may, at her option, declare a default, retain the deposit for the benefit of the Estate, and resell the property, in which case the purchaser shall be liable for any deficiency, unless such inability to close is the result of the inability of the Trustee/Estate to have complied with the terms of this Order. The Trustee is hereby authorized (but not required) to sell the property to the next highest bidder, and so on, in order to liquidate the property for the benefit of the Estate.

**FURTHER ORDERED** that this Confirmation Order survives any dismissal or conversion of the within case.

**FURTHER ORDERED** that the stay imposed by Bankruptcy Rule 6004(h) is waived.

3.3-2020

JEFFERY A. DELLER, Judge
United States Bankruptcy Court

FILED
3/3/20 10:37 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

-5-

United States Bankruptcy Court
Western District of Pennsylvania

```
In re:                                                          Case No. 18-24582-JAD
Andrew D Ryan                                                   Chapter 7
Quinn Nicole Ryan
        Debtors
```

# CERTIFICATE OF NOTICE

```
District/off: 0315-2          User: dkam              Page 1 of 1           Date Rcvd: Mar 03, 2020
                              Form ID: pdf900         Total Noticed: 2
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 05, 2020.
```
db             +Andrew D Ryan,     1644 Aster Lane,    Crescent, PA 15046-3814
jdb            +Quinn Nicole Ryan,    520 Blue Ridge Drive,    Corapolis, PA 15108-5502
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                             TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 05, 2020                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 3, 2020 at the address(es) listed below:
```
              James Warmbrodt    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              John C. Brzustowicz    on behalf of Debtor Andrew D Ryan bmmlaw@brzmar.com
              John C. Brzustowicz    on behalf of Joint Debtor Quinn Nicole Ryan bmmlaw@brzmar.com
              Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
               jbluemle@bernsteinlaw.com
              Natalie Lutz Cardiello    ncardiello@cardiello-law.com, ncardiello@ecf.axosfs.com
              Natalie Lutz Cardiello    on behalf of Trustee Natalie Lutz Cardiello ncardiello@comcast.net,
               ncardiello@ecf.axosfs.com
              Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
              Rebecca Solarz    on behalf of Creditor    Quicken Loans Inc. bkgroup@kmllawgroup.com
              S. James Wallace    on behalf of Creditor    Peoples Natural Gas Company LLC sjw@sjwpgh.com,
               srk@sjwpgh.com;PNGbankruptcy@peoples-gas.com
              Weston P Pesillo    on behalf of Creditor    Montour Place, LLC wpesillo@mcgrailassociates.com
                                                                                             TOTAL: 10
```